```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUN 9 2006 ★

BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GERALD GAINES,

              Plaintiff,

  – against –

DR. OKPOK, MEDICAL DIRECTOR,
C.O. ESTELLA TAYLOR, and
SCOTT PARKS,[1]

              Defendants.
----------------------------------------X

**MEMORANDUM and ORDER**

03 CV 5095 (SLT)(LB)

**TOWNES, United States District Judge:**

In this action, *Pro Se* plaintiff Gerald Gaines ("Plaintiff" or "Gaines") alleges that he was denied proper medical care by Dr. Uko Okpok ("Okpok" or "Defendant Okpok"); Correction Officer Estella Taylor ("Taylor" or "Defendant Taylor'), and Scott Parks ("Parks" or "Defendant Parks") (collectively, the "Defendants"), after he was involved in an altercation with another inmate at Riker's Island. Defendants move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the written submissions of each party, and for the reasons set forth below, Defendants' motion is GRANTED and the Complaint is DISMISSED in its entirety.

---

[1] Though the Complaint included a John Doe Defendant, on April 13, 2005, Magistrate Judge Bloom substituted Scott Parks for the unidentified defendant. (Def. 56.1 Stat. ¶ 3.)

I.  *Background*

In any motion for summary judgment brought in this District, the moving party is required, pursuant to Local Rule 56.1(a), to submit a Statement of Material Facts that it contends are not in dispute. The nonmoving party then must, pursuant to Local Rule 56.1(b), set forth the material facts that it believes are in dispute. In this case, Plaintiff has failed to submit a 56.1 Statement controverting the facts alleged in Defendants' 56.1 Statement. The Court recognizes that Plaintiff appears *pro se* and ought to be afforded greater leeway in interpreting and following Local Rules and we do not, in this instance, consider the failure to submit a 56.1 statement fatal to Plaintiff's claims.

A *pro se* litigant should be given special latitude in responding to a summary judgment motion. *See McPherson v. Coombe*, 174 F.3d 276, 280-281 (2d Cir. 1999). However, "[e]ven a *pro se* party is not exempt from the requirements of summary judgment motions." *Johnson v. Queens Admin. for Children's Servs.*, 2006 WL 229905, at *4 (E.D.N.Y. Jan. 31, 2006) (Irizarry, J.) (citation omitted). While "[t]he party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact," *Dawson v. Drug Enforcement Admin. New York Field Div.*, 2002 WL 418022, at *2 (S.D.N.Y. Mar. 14, 2002), once the moving party so demonstrates, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Therefore, it is significant that, although Plaintiff did submit an Affidavit and Memorandum of Law in opposition to Defendants' motion, in none of his submissions does Plaintiff explicitly or implicitly controvert the facts upon which Defendants' motion relies.

Additionally, if a litigant is *pro se*, the moving party must provide a[n] "easily comprehensible notice of the possible consequences of not replying." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). In *Champion*, the Second Circuit created a framework to evaluate whether a *pro se* party received proper notice of what is necessary to defeat a summary judgment motion:

> (1) the notice must advise the *pro se* party that he or she may not simply rest on allegations in the complaint; (2) the notice must state that if the *pro se* party does not respond with an affidavit or other evidence, the factual assertions of the moving party will be accepted as true; (3) the notice must warn the *pro se* party that if he or she does not provide the court with a short statement of any material facts as to which there exists a genuine issue, the assertions of the moving party's Rule 56.1 statement will be accepted as true; and (4) the notice given must clearly state that if the *pro se* party does not respond to the motion, summary judgment could be granted and the complaint dismissed.

*Sepulveda v. City of New York*, 2003 WL 21673626, at *2 (S.D.N.Y. July 17, 2003) (*citing Champion*, 76 F.3d at 486).

In this case, Defendants' motion for summary judgment was accompanied by a statement informing him, (as required by Local Rule 56.2 and *Champion*) that, *inter alia*:

> THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56(e).
>
> [. . .]
>
> In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. [. . .]
>
> Any issue of fact that you wish to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by the defendant. If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the defendant, the court may accept defendant's

3

> factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

(Def. Not. of Mot.) Defendants also attached a copy of Federal Rule of Civil Procedure 56 to their motion papers. (*Id.*) Therefore, Plaintiff had adequate notice of the effects of his failure to present evidence of a genuine issue of material fact.

"Where, as here, *pro se* litigant received specific notice from the movant as to the consequences of failure to comply with the rules of procedure, and he acknowledged his understanding by filing some form of a response. . .Rule 56.1 may be enforced against [him]." *Yearwood v. LoPiccolo*, 1998 WL 474073, at *2 (S.D.N.Y. Aug. 10, 1998) (citations omitted). In this instance, Plaintiff not only received adequate notice of the consequences of his failure to identify genuine issues for trial through the use of more than conclusory allegations, but he also responded to Defendants' motion with an Affidavit and a Memorandum of Law containing relevant case law. Therefore, those facts alleged by Defendant that are both adequately supported by the record (as required by Federal Rule of Civil Procedure 56(e)) and unopposed by Plaintiff will be deemed admitted. *See Johnson*, 2006 WL 229905, at *4 ("It is insufficient for a plaintiff to try to defeat a motion for summary judgment by relying upon conclusory allegations since such allegations do not create a genuine issue of material fact.") (citation omitted).

II.  *Facts*

On April 10, 2003, Plaintiff, an inmate at Riker's Island, was involved in an unprovoked physical altercation with another inmate who is referred to in the pleadings as "Inmate Thor." (Complaint at 5.) The incident left Plaintiff with injuries to his shoulder, elbow and hand. (*Id.*)

4

Defendant Taylor was on duty at the time, and is alleged to have observed the incident. (Pl. "Statement of Claim" (annexed to Complaint) at ¶ 2.) Taylor sent only Thor to the clinic and did not file an "infraction report." (*Id.* ¶ 3.) Defendant Parks, a Physician's Assistant, was also on duty at the time. While making his rounds, he observed Plaintiff, noted that Plaintiff's hand was injured, swollen, and tender. (Pl. Aff. Ex. 1.) Parks indicated in Plaintiff's file that Plaintiff was to be brought to the clinic, and that Plaintiff's hand ought to be soaked in cold water. (*Id.*) Parks wrote that Plaintiff claimed he hit his hand on the sink the previous day. (*Id.*) Parks further noted that Plaintiff refused to go to the clinic. (*Id.* at 2; *see also* Evans Decl. Ex. C ("Parks Decl.") ¶ 10.) Parks gave Plaintiff 400 milligrams of Motrin, soaked his hands in cold water, referred him for an x-ray and noted that he would give Plaintiff a wrist support. (Parks Decl. ¶¶ 6-7; Pl. Aff. Ex. 1 at 1-2.)

The following day, April 11, 2003, Parks gave Plaintiff a wrist and hand support. Because Plaintiff's hand was still tender, Parks again advised him to seek an x-ray, notwithstanding a decrease in swelling that occurred overnight. (Parks Decl. ¶¶ 11-13; Pl. Aff. Ex. 1 at 2.)

Plaintiff's pain continued throughout the weekend. (Pl. Statement of Claim ¶ 4.) April 11, 2003 fell on a Friday; because Parks performs rounds only on weekdays, Plaintiff did not see Parks that weekend. (Parks Decl. ¶ 15.)

On Monday April 14, 2003, Plaintiff was transferred to the custody of New York State Downstate Correctional Services, at Downstate Prison ("Downstate"). (Pl. Aff. at 2; Def. 56.1 Stat. ¶ 26.) Medical personnel at Downstate performed an x-ray of Plaintiff's hand and, on April 16, 2003, determined that it had been fractured. (Def. 56.1 Stat. ¶¶ 27-28.) Plaintiff's hand was placed in a cast for seven weeks. (Pl. Aff. at 3.)

5

Plaintiff claims that Defendants failed to provide him adequate medical care and were deliberately indifferent to his medical needs. Defendants move for summary judgment.

III. *Discussion*

Summary judgment is appropriate where "there is no genuine issue as to any material fact" such that the moving party is entitled to "judgment as a matter of law." Fed. R. Civ. P. 56(c). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "'genuine'. . .if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (citation omitted). Because the moving party bears the burden of showing that there are no genuine issues of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), "the inferences to be drawn from the underlying facts...must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold*, 369 U.S. 654, 655 (1962).

A. *Section 1983 Claims*

1. *Personal Involvement*

At the outset, we note that, "[i]n order to be held liable under § 1983. . .each defendant must have been personally involved in the alleged constitutional violation." *Vazquez v. Parks*, 2003 WL 1442087, at *8 (S.D.N.Y. Feb. 4, 2003). Plaintiff's Complaint contains no allegations regarding Defendant Okpok. Furthermore, Okpok's Declaration (asserting that "at no time in April of 2003 did [Okpok] treat. . .have any contact with. . .communicate with. . .[or] receive any complaints or

6

grievances from Gerald Gaines") was uncontroverted by Plaintiff in his opposition papers to Defendants' motion. (Evans Decl. Ex. D ¶¶8-11.) Therefore, Okpok cannot be held liable for any of Plaintiff's § 1983 claims. *Thomas v. Ashcroft*, 2004 WL 1444735, at *10 (S.D.N.Y. June 25, 2004) ("It is well settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (citations omitted).

2. *Deliberate Indifference*

"Every person who, under color of any statute, ordinance, regulation, custom, or usage...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. In particular, the Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 105 (1976), that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."

Under this standard, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" to establish a constitutional violation for inadequate medical care. *Estelle*, 429 U.S. at 106. "Deliberate indifference" exists when a defendant "knows of and disregards an excessive risk to inmate health or safety"; when the defendant is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw[s] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In light of this standard, an inmate's complaint regarding the conditions of his confinement must meet both an objective and a subjective standard.

7

a.  *Objective Prong*

"The objective 'medical need' element measures the severity of the alleged deprivation." *Smith v. Carpenter*, 316 F.3d 178, 183-4 (2d Cir. 2003). The deprivation must be sufficiently serious to deny the plaintiff "a minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). Crucial considerations in determining whether a deprivation is "sufficiently serious" include "the duration of the condition and the potential for serious physical harm." *Whitted v. Lazerson*, 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998). "[T]he alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hemmings v. Gorczyk*, 134 F.3d 104, 108-109 (2d Cir. 1998) (*citing Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).

"A broken finger, without more, simply does not present a condition of urgency of the type that may produce death, degeneration or extreme pain which correspondingly merits constitutional protection." *Rivera v. Johnson*, 1996 WL 549336, at *2 (W.D.N.Y. Sept. 20, 1996); *see also Ruiz v. Homerighouse*, 2003 WL 21382896, at *3 (fractured metacarpal not sufficiently serious to withstand summary judgment of plaintiff's claim). "Moreover, a delay in medical treatment does not necessarily invoke the Eighth Amendment." *Magee v. Childs*, 2006 WL 681223, at *4 (N.D.N.Y. Feb. 27, 2006) (nine days of treatment consisting of Tylenol alone not sufficiently serious deprivation of treatment of plaintiff's broken finger); *see also Henderson v. Doe*, 1999 WL 378333 (S.D.N.Y. June 10, 1999) (three-day delay in providing x-ray of plaintiff's broken finger not sufficiently serious deprivation); *but see Leacock v. New York City Health and Hosp. Corp.*, 2005 WL 1027152, at *5 n.2 (S.D.N.Y. May 4, 2005) ("allegation that

surgery was required [to fix broken finger] due to the lack of proper initial treatment" creates closer question of whether inmate had serious medical need). Here, Plaintiff's complaints of a four-day delay – during which he was given ibuprofen, an ice pack, and a hand and wrist support, and was offered an opportunity to visit the clinic – fail to establish a deprivation of sufficient seriousness to meet this prong. Therefore, Plaintiff's claim that Defendants Taylor and Parks were deliberately indifferent to his serious medical needs is dismissed.

### 3. *Failure to Protect*

Giving Plaintiff's *pro se* Complaint "the strongest arguments that [it] suggest[s]," *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (citations omitted), the Court has construed the Complaint to include a claim that Taylor and Parks failed to protect Plaintiff in violation of the Eighth Amendment. However, this claim fares no better.

"[A]n inmate's claim that the prison officials failed, as a result of their deliberate indifference, to protect him from the violent actions of other inmates may state a viable § 1983 cause of action." *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991) (citations omitted). However, the requirement that the official be subjectively culpable is the same as stated earlier: "[a] prison official can only be held liable if he or she subjectively knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Plaintiff testified during his deposition that, prior to the April 10, 2003 incident that is the subject of this litigation, he had never been in a physical fight with Thor, never complained about Thor, nor expressed fear of being assaulted by Thor to any of the Defendants. (Evans Decl. Ex. E at 72-73.) Therefore, Plaintiff has not established that either Taylor or Perks were deliberately

9

indifferent to the threat of an attack on Plaintiff by Thor. *Farmer*, 511 U.S. at 834 ("[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment.") (citation omitted); *see also Hazelwood v. Correction Officer Monroe*, 1996 U.S. Dist. LEXIS 7935, at *6 (S.D.N.Y. June 11, 1996) (dismissing complaint where "plaintiff alleges no facts indicating that [o]fficer. . .was actually aware that plaintiff was subject to a substantial risk of being attacked by another inmate").

To the extent Plaintiff feared going to the clinic on his own following the incident with Thor (a possibility that only the most generous reading of the Complaint can afford Plaintiff), he failed to allege that he communicated that fear to Taylor or Parks, or that he was entitled to an escort. *Muhammed v. Sielaff*, 1995 WL 459244, at *7 (S.D.N.Y. Aug. 3, 1995) (granting summary judgment where plaintiff "did not alert [officers] to his concerns about [another inmate attacking him] prior to the alleged incident"). Therefore, this claim is also dismissed.

IV. *Conclusion*

Defendants' motion for summary judgment is granted. Plaintiff fails to allege in his Complaint or subsequent submissions that he possessed a serious medical need that was ignored by Defendants during the time period in question. "The Constitution does not mandate comfortable prisons," *Rhodes*, 452 U.S. at 349, and Plaintiff's four-day wait in obtaining an x-ray of his broken finger does not rise to a constitutional violation where Plaintiff was provided with painkillers, ice, and a hand and wrist support in the meantime, particularly as the undisputed evidence indicates that Plaintiff refused to go to the clinic when offered the opportunity to do so on the day of his injury. Therefore, the deliberate indifference claims against Parks and Taylor

are hereby dismissed. Additionally, Plaintiff's failure to voice fear or concern that Inmate Thor might attack him precludes him from now maintaining a failure to protect claim against either Taylor or Parks. That claim, too, is dismissed. Finally, because Plaintiff makes no allegation of Defendant Okpok's involvement in the incidents giving rise to this action, the claims against Okpok are dismissed. This Court declines to exercise supplemental jurisdiction over any state law claims that can be construed from Plaintiff's Complaint.[2] The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
May 31, 2006

/s/(SLT)
(SANDRA L. TOWNES
United States District Judge

---

[2] Title 28 U.S.C. § 1367(c)(3) "permits a district court in its discretion, to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims." *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1988).

11